Good morning and may it please the court my name is Jim Ball and I am representing Mr. Ruiz-Marin. Just let your honors know is that I'm going to argue for about 10 minutes and reserve five for rebuttal potentially so that way you have an idea where I'm going. Again thank you very much I just wanted to say that in this case I believe the issue essentially states is this is that I believe and Mr. Ruiz-Marin believes there was insufficient evidence to he distributed over 500 grams of methamphetamine. I thought the charge was conspiracy. I'm sorry I misspoke you're exactly right. That does make a difference doesn't it? I think it makes a difference correct yep so essentially I apologize for that but conspiracy to distribute over 500 grams of methamphetamine. The charge was distribute and in possession with intent to distribute. Correct. That's what you mean as to that charge. Correct well count one the conspiracy charge is to count one the conspiracy the possession with intent to distribute. Correct. Okay we believe that there was insufficient evidence to support that jury verdict and so we're going to ask this court to remand to the district court for resentencing at least consistently what we believe the guidelines would potentially be. As the excerpt of records points out in the trial transcript points out there was involved with. The first transaction occurred on November 18th. He would there were four transactions with at which he was present and that he was involved in by his presence but the testimony of Zazueta which I read yesterday indicated that for an for no particular dated period of time there was no objection as to the dates. Mr. Ruiz Marin acted in turn with other members of the conspiracy to do other things besides go to the sale point and sell to wit he would mix and cut the methamphetamine and package it all in turn with the called he would take other person's turns. What are we to do with that testimony Mr. Ball? Doesn't that indicate a sufficient evidence under Jackson versus Virginia to say that he was in possession with intent to distribute for the whole period of time alleged in the conspiracy August April 13 April 18th 2008 to May 13 2009. It's a period of time the conspiracy alleged. How can we get away from that evidence for purposes of saying it's insufficient to show possession with intent to distribute? I guess the way that I that I was looking at that in resolving that testimony was that excuse me a little bit of pretty clear that Mr. Ruiz Marin didn't actually enter or participate into the conspiracy early on. It looks like from the trial transcript of detective Boone that he wasn't even a participant in those first four transactions. It wasn't until November 18th that he was a participant in and when looking at the other portions of the transcript there wasn't any other testimony on when he actually ended that conspiracy or when he was out of it. The only testimony I was able to find was actually defendants on testimony that said he stopped working for Mr. I always get his name Mr. Quintero. He says that he stopped working with him in March and that was essentially corroborated by detective Boone and Banta's testimony that he was no longer a participant. At least he wasn't a participant in those latter four transactions. Counsel on page 66 of the ER and I'm looking at page 204 of the transcript, Mr. Zagsueda is asked about the time for his arrest in May and he said he was arrested he was going to Ontario. They were going to sell drugs and they were taking drugs to sell them. Yes we were going to leave them in storage and lines who was in Ontario waiting for you to bring the drugs to them? Answer line 10, the mechanic. That's May of 2009. That's two months after he says he stops working for him. And where was the mechanic in Ontario? At his house. What was he going to help you do? Well we would fix it and then we would go sell it because when it would arrive it was all compacted so we would just fix it. So as of May there is testimony in the record that the mechanic was still involved in the conspiracy. I agree with you. I would just point out that that's the charge that was essentially the testimony that counsel was bringing out to prove the count one conspiracy with the marijuana portion of it and he was found not guilty of that portion of the verdict and so. Well that was that was distribution. That was a distribution charge not a conspiracy charge. He was also found not guilty of the conspiracy. Well the marijuana, I guess I'm thinking of the count dealing with with the meth which is the December 11th charge. Correct. But for conspiracy we now have evidence that as of May he was still involved in selling drugs with Mr. Zazueta. Now if if he's still involved as of May it doesn't seem to be much of an inference to suggest that he was that he understood that that the conspiracy that he had joined earlier and for which he had he had involvement on four different dates from November through February that that might have also extended to the dates which would have been March 5th, April 9th, April 30th for which we have specific gram amounts and if you add those gram amounts it comes up to well over 500 grams. I understand I guess your honor's read of that definitely there is testimony in the record regarding that. I would just. Regarding regarding what? Regarding the mechanic or my client essentially being involved there. As of May. As of May right yeah and so I can't say that's not in there you're exactly right. I guess what I was trying to point out was when that testimony was brought out when a jury considered that they essentially found him not guilty of that in terms of the conspiracy of the marijuana and so I guess that's what I was trying to point out to the court and it was also contradicted by Detective Boone where I guess where I was looking in it. The guilty the jury verdict item number five is to count one of the second superseding charging conspiracy to distribute marijuana. We find the defendant Roberto Ruiz Marin not guilty but does that include possession with intention to distribute? I you know I if I recall correctly that that was not charged as a substantive count I think that it was just a conspiracy of marijuana that was charged when I was looking at the superseding indictment and so my understanding of that is it that was just charging count one in terms of the conspiracy. So your position is that the verdict form narrowed the indictment from the twin charges of conspiracy to distribute and conspiracy to possess with intent to distribute down to the former conspiracy to distribute. I believe so. Oh I hadn't thought about that. Thank you. And so in terms of that it just that I really looked at Detective Boone's testimony and excerpts of record 26 I found it at page 44 line 12 where he was pretty clear that Mr. Ruiz Marin was only present during those four purchases prior well the four purchases prior to the defendant's involvement he was not part of. In the latter portions of the 3-5, the 4-9, the 4-3, and the 5-3, excerpts of record 00034 page 75 line 19 through 20 that he was not a participant or active in those drug transactions. And he wasn't and he wasn't charged with with distributing drugs on any of those occasions. Correct. And so there were no findings there and it looks like the jury was actually quite discerning in the way that they approached the times when he was present so they convicted him on three of the four but acquitted him on on one of the four. Correct. But if the question is was he part of a conspiracy could he have foreseen that the conspiracy would continue with or without his direct participation or his direct distribution? There seemed to be some evidence of that in the record. And so I guess I would just respond that at least when my client took the stand is that he said he stopped stopped working in that March time frame. Which is contradicted by Mr. Zazueda's testimony. Correct. He's got he's got him there until May. That's what he says. Now if I'm the the drugs that that Mr. Zazueda said that they were taking to Ontario in May in May was marijuana. So he hasn't said anything about about meth. Is there do you have a response on that? I think. And how does that help your how does that help your client? Yeah I think he said there was marijuana and if I recall correctly there I think there also said there might have been cocaine in that in that transaction. But in in terms of in helping my client is that he was not convicted of the conspiracy of any marijuana. In terms of count one the conspiracy of the marijuana. So I guess in terms of helping my client because if the jury was going to take that evidence and believe that he was I guess helping on the May 13th they would have in terms of evidence and what the jury took as credible evidence I would just argue to the court that that evidence was just not enough for them to convict him. And so I guess just one quick point that I wanted to make to the court at least in terms of the drug quantity calculations is that I think a very important aspect of this case was the amount on 1118 of 08 where the original amount was 108 grams. And of course the stipulation that was read into open court listed 180 grams and 180 grams potentially. The one on 1211 was 218 grams. One on 122 was 110 and the one on 224 was 28. And the way that I calculated that looks like that would be about 465 grams. And so assuming that those were the four transactions that the jury was looking at the only way they could get to over 500 grams if they would have taken the stipulation which was actually incorrect at 180. Or if they included any of the subsequent transactions in March or April. And any one of those transactions if they thought that Mr. Ruiz had any connection whatsoever even though he was not directly present nobody verified him that he was part of a conspiracy that was ongoing because he was waiting for money in May. If they had any one of those incidents then you've got 500 grams. Correct. Yep. Exactly correct. Thank you. So I see my time's up. I just want to make sure I have enough rebuttal. Thank you. Thank you. May it please the court. My name is Aaron Lukoff and I represent the United States. Begin my my argument by focusing on what the court the court's last questions have been which have been on gone to the sufficiency of the evidence in this case. Your Honor there was a number of buys between the undercover officer and the conspiracy leading up to the November 2008 purchases or purchase in which the defendant was was present. I read your testimony that you elicited from Mr. Casueta last night and it seemed to me that the only four that you asked him about were the four in question as to the substantive counts on Ruiz Marin. He testified early on that he had made about ten purchases. The only direct examination of was the four that you I think November, December, January, and Where's the evidence that Ruiz Marin was involved in any way with any other sales than those four? Your Honor, excerpt of record 62 page 186 I asked Casueta Quintero before you would sell drugs to Joe that was the undercover officer Joe That's Joe Banda. How would you prepare those drugs for sale? And his answer was well we would get it all together and then we would cut it up so we could we would all get some money out of it we would separate it and I asked who is we and he said well us three or four and I asked him I need that I told him I need the names and he said the mechanic the defendant Feliciano referring to Feliciano Cruz Rodriguez, Jose Padilla, and myself Casueta Quintero and so that colloquy there your honor demonstrated that there was evidence that the defendant was involved in the preparation of drugs for sale to the undercover officer and those sales had been occurring well before November 2008. But they where's the evidence that they had been occurring well before November 2008 because the the evidence that I see of Mr. Banda's involvement was that he testified that he did about ten transactions with Casueta. You to repeat you pinned him down as to the four in November, December, January, and where's the evidence that he had bought from Casueta mixed by the mechanic and among others before that? Well the first witness I called in trial was Sergeant Robert Boone who talked about the purchases before the November 2008 drug sales and then also after those. But Boone wasn't wasn't Banda. Where's Banda's testimony before November or after February? Detective Banda never never talked about those those purchases in his testimony but but Sergeant Boone would have laid the foundation for those prior purchases in those subsequent purchases. Was he present? He was present and he was the lead investigator he was he was present. And can you give me So it would have been excerpt a record it would be the excerpt record 26 your honor and where Detective Boone is describing those purchases from 26 what And he talks about purchasing from the organization. When approximately that occurred August of 2008. That's when that was when the first purchase he says August 12th, September 4th, September 30th, and October 9th of 2008 that's on Yes your honor. I'm not sure whose testimony this is. They keep talking about Detective Banda but I don't think this is Banda. He said it's it's this is a cross-examination by Mr. Tabor in which he says good morning good afternoon detective. Is that Boone? Yes. Okay so this is Boone's testimony. If you look at page 70 starting on line 11 and in your dealings with the confidential informant Roberto's name never came up did it? It did not. And then I'm confused. At least in the first two buys I believe the one on September 30th and the one on October 19th those were done by Detective Banda correct? Yes sir they were. Okay and did the name Roberto Ruiz come up in any of those buys? Yes sir. So I'm not I don't I'm not sure how it did not and yes sir. Yeah I'm left a little confused because if he if the name Roberto Ruiz did come up in those buys then he's implicated prior to his direct participation in the sales. Yeah I was confused as well your honor and it was never that was never followed up on throughout the rest of the of the trial so there is no record as to what what exactly Detective Sergeant Boone meant. You heard my colloquy with Mr. with Mr. Ball and so what do we do what do we do with the post sales involvement? What do we do with Sazueta's testimony that that Mr. Ruiz-Marin was was was waiting for his share of the money in May of 2009 on some sales of perhaps marijuana and cocaine? Well the court can looking at the totality evidence I believe that that demonstrates that he was still involved. I understand the jury acquitted Mr. Ruiz-Marin of conspiring to distribute marijuana but that they could have used that evidence to demonstrate that he was still involved in the in the even even though that even though the testimony elicited there for Mr. Sazueta focused direct on marijuana and maybe cocaine? Even though they he was still part of the part of the group. And and what what what is what is it what is substantively what is it that you that the government has to prove in order to prove a conspiracy? That the there was an agreement between two or more persons than that the defendant joined that agreement knowing of the objects of the conspiracy and intending to help accomplish it. That's the under for a drug conspiracy we would have to show that and then you know if there's a statutory minimum that we would have to show the drug amount beyond reasonable doubt. And in this case there was there was there was evidence that demonstrated Mr. Marin's involvement before and after. Okay aside aside from the testimony of Mr. Sazueta that I've that we've discussed here already is there any other evidence in the record that shows that Mr. Rees-Marin was was involved in the conspiracy after whatever was March or February of 2009? There isn't any direct evidence that he was involved in that. The evidence we've identified Mr. Sazueta is your best evidence. That would be our best evidence I would I would point out that the co-conspirator involved in the in those prior subsequent sales was Feliciano Cruz Rodriguez the same individual who was involved in the sales in which Mr. Rees-Marin was a direct participant in November, December, January, and February sales. And so there's evidence there that some continuity in the members of the conspiracy. He was the son-in-law of Sazueta. Correct. Correct. Unless the court has any further questions for me I have nothing further. Thank you. Thank you. Mr. Walsh you're coming up I have a question for you. Yes sir. There does seem to be some evidence in the in the record that would tie him as late as May as we discussed. That evidence is not terribly is not terribly strong but it is it is something. What impact is the fact that we're on plain error review have on our on our view of the evidence here? Well I think it's it's pretty clear this differential to the government in this case. And so the standard is very difficult for us to overcome so I'm not saying that it's it's something that's it's an easy proposition on our part. It's a very difficult standard because there was an objection there wasn't a rule 29 motion for acquittal or anything like that after the close of the evidence. However I still think they need to have some type of evidence that quickly. I think it's pretty clear at least from the record that the first transactions Ruiz Marin was not involved with those first four transactions. And I understand Judge Bybee's look at that one piece of evidence. However I think earlier in Vanna's testimony and Boo's testimony that there was no mention of him prior to that involvement. And so I think the best evidence that I found was on excerpt the record 26 page 49 12 where they asked him about the four purchases prior to his involvement and they said that he was not involved at that point. I think that was Detective Boone that mentioned that. And so in terms of the latter for the 3-5, the 4-30, the 4-9, the 5-13, when Mr. Lukoff talks about what evidence kind of connects him to that and Mr. Cruz was the only other co-defendant that was involved when those 3-5, the 4-3, and the 4-9, or the 4-30, and the 4-9, and the 5-13. However I just would mention to the with the very first transaction that I believe with Detective Boone when he testified on record 42 page 105 21 through 25 they talked about Cruz being in those first transactions but it was pretty clear in those first transactions that my client was not involved until the November 18th. So I just mentioned that because even though it might be the same co-defendant, that same co-defendant was prior involved and my client was not involved until the November 18th. I think that's pretty clear at least from the I guess the only way that they can make that connection is somehow saying on Well by involvement you mean that Ruiz-Marin was at the site of the sale. Correct. That's what Boone's testifying to, right? Correct, yeah. Involvement based on him cutting and packaging goods before they went to sale. That's open-ended based on Sosuete's testimony. Correct, it was never narrowed down to exactly when those dates began and when those dates ended. Well yeah there was no in direct examination there was no inviting of the attention of the witness to any particular dates and there was no objection at the trial as to the relevancy of the testimony going to Ruiz-Marin based on the dates. Correct. So there was no narrowing either in the putting of the questions nor in the We appreciate the arguments of both counsel. United States v. Ruiz-Marin is is ordered submitted.
judges: Hawkins, Bybee, Bea